IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| S.B. Mother and Guardian of Minor Child, D.M. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 07-768 |

**MEMORANDUM AND ORDER**

M. FAITH ANGELL                                                                                December 19, 2007
UNITED STATES MAGISTRATE JUDGE

Presently before this Court is Plaintiff's uncontested[1] Petition for Leave to Settle or Compromise a Minor's Action[2]. For the following reasons, I recommend that the Petition be granted and the proposed distribution be approved.

### I. BACKGROUND[3]

Plaintiff S.B. is the mother and natural guardian of D.M., a minor twelve-year-old girl. Defendants are the City of Philadelphia Department of Human Services and Northeast Treatment Center (NET).

In early 2005, D.M., then ten years old, and her two siblings (all Caucasians) attended the Huey School in Philadelphia, Pennsylvania. S.B. contends that they were harassed by their African-American classmates. S.B. complained on numerous occasions to the Principal of Huey and to other Philadelphia School District and elected officials. She also complained about her children's school situation to the media and others. Receiving no response, S.B., with her three children in her car,

---

[1] *See* N.T. 12/13/07 at 2, 4.

[2] Hereinafter Petition.

[3] The facts in this discussion were gleaned from Plaintiff's Petition for Leave to Settle or Compromise a Minor's Action, testimony from a Hearing held before me on December 13, 2007, and the court record.

drove into the front of Huey School. As a result, the School District contacted the City of Philadelphia's Department of Human Services, which removed the three children from S.B., placing them in foster care through NET. NET placed D.M. with foster mother Virginia Whitfield who then had a seventeen-year-old son, Steven Whitfield, residing with her. D.M. remained with the Whitfields for approximately five months.

During that period, on two separate occasions, Plaintiff contends that Steven exposed his private parts to D.M. and, on at least one of those occasions, touched her with his penis and forced her to touch it. In September, 2006, D.M. was returned to her mother, who continues to have primary custody of D.M.

On February 26, 2007, the present action was commenced against City of Philadelphia Department of Human Services, NET and certain of their employees, and foster mother, Virginia Whitfield. Discovery was conducted and juvenile records of Steven Whitfield reveal that he had no prior juvenile criminal record nor any disciplinary problems prior to this incident involving D.M., for which he was adjudicated delinquent and placed in a juvenile facility. Virginia Whitfield has no insurance or other assets to cover the claims alleged in this action.

In November, 2007, the Court was informed that the parties had reached an agreement, and on November 6, 2007, an Order dismissing the case with prejudice pursuant to Local Rule of Civil Procedure 41.1(b) was filed. The parties have settled on a sum of $25,000.00, to be paid by NET contributing $15,000.00, and the City of Philadelphia contributing $10,000.00. *See* N.T. 12/13/07 at 3. In accordance with Local Rule of Civil Procedure 41.2, Plaintiff's counsel has petitioned the Court for leave to settle or compromise this minor's action. The Petition proposes a lump sum payment of $25,000.00 for the minor, D.M., and requests a Court Order approving Plaintiff's

agreement to pay to her attorney a fee of $10,000.00 plus $491.40 to cover other expenses incurred on her behalf. Under the proposed agreement, therefore, the minor D.M. would receive a net sum of $14,508.60.

In support of the Petition, Plaintiff's counsel avers that Plaintiff, in order to settle this matter without her minor daughter having to submit to a deposition subjecting her to questions involving sexual abuse and molestation regarding his incident and prior abuse[4], and because S.B. believes the settlement offer to be fair and reasonable, has agreed to accept $25,000.00 to settle this matter. *See* Petition, ¶17. The money will be placed in a restricted account until D.M. becomes eighteen years of age, with Plaintiff's counsel Margaret Boyce Furey, Esquire as trustee. *See* N.T. 12/13/07 at 4-5. Ms. Furey further submits that S.B. believes this settlement is in the best interest of her minor daughter. *See* Petition, ¶19. S.B. has signed a Release showing her agreement to the settlement., as well as to the fee agreement executed by S.B. and her counsel. *See* Attachments to Petition; N.T. 12/13/07 at 3. Counsel for both Defendants agree that this is a reasonable, fair and appropriate settlement. *Id.* at 4. D.M. continues to receive counseling services from the City of Philadelphia Department of Human Services; however, there is no ongoing relationship between D.M. and NET. *Id.* at 6.

## II. DISCUSSION

"The court has the authority to approve the settlement under its inherent duty to protect the interests of minors and incompetents that come before it." *Stecyk v. Bell Helicopter Textron, Inc.*, 53 F.Supp.2d 794, 796 (E.D.Pa. 1999). Pursuant to this Court's Local Rule of Civil Procedure 41.2,

---

[4] The minor, D.M., prior to 2005, had been sexually molested and abused by her stepfather, the knowledge of which caused her mother to separate from her husband, D.M.'s stepfather. *See* Petition, ¶11.

>   (a) No claim of a minor or incapacitated person or of a decedent's estate in which a minor or incapacitated person has an interest shall be compromised, settled, or dismissed unless approved by the court.
>
>   (b) No distribution of proceeds shall be made out of any fund obtained for a minor, incapacitated person or such decedent's estate as a result of a compromise, settlement, dismissal or judgment unless approved by the court.
>
>   (c) No counsel fee, costs or expenses shall be paid out of any fund obtained for a minor, incapacitated person or such decedent's estate as a result of a compromise, settlement, dismissal or judgment unless approved by the court.

Regarding the approval of a settlement involving a minor, and, indeed, the approval of any settlement, the parties and counsel are usually in the best position to evaluate the settlement, and their judgments are entitled to considerable weight. *See Chambers v. Hiller*, 1988 WL 130679 *2 (E.D.Pa. December 2, 1988). All counsel and Plaintiff S.B. recommend approval of this settlement. I, too, find the proposed settlement in this action to be in the best interest of D.M., and I will approve the settlement figure of $25,000.00 for S.B.'s claims on behalf of her minor daughter, D.M.

Court approval of counsel fees and expenses, too, are subject to court approval to "ensure that only reasonable counsel fees are paid". *Cross v. National Railroad Passenger Corporation*, 1999 WL 554593 *3 (E.D.Pa. June 14, 1999) (internal citations omitted). In the instant action,. Plaintiff has agreed to pay a 40% contingency fee. *See* N.T. 12/13/07 at 3; Attachment to Petition. Consequently, $10,000.00 is to be paid in attorney fees. The fee is for services which include case preparation, voluminous discovery records and pretrial motions.[5] For all these services, this fee is reasonable.

---

[5] Also to be considered is the fact that numerous other attorneys refused to represent Plaintiff prior to her retaining Ms. Furey. *See* Petition, ¶22; N.T. 12/13/07 at 6.

4

## **CONCLUSION**

Having found the settlement of this matter fair, reasonable, and in the best interest of the minor D.M., I approve the Petition for Leave to Settle or Compromise a Minor's Action.

BY THE COURT:


 S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| S.B., Mother and Guardian of Minor Child, D.M. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | NO. 07-768 |

**ORDER**

AND NOW, this 19th day of December, 2007, upon consideration of Plaintiff's uncontested Petition for Leave to Settle or Compromise a Minor's Action, and after conducting a Hearing with counsel, it is hereby **ORDERED** that:

1. The Petition for Leave to Settle or Compromise a Minor's Action (Docket Entry No. 32) is GRANTED.

2. Petitioner is authorized to enter into a settlement with Defendants City of Philadelphia and its Department of Human Services and Northeast Treatment Center and certain of their employees, in the gross sum of Twenty-five Thousand Dollars ($25,000.00).

3. The settlement proceeds are to be distributed as follows:
   (a) To Margaret Boyce Furey, Esquire            $   491.40
       Reimbursement of costs
   (b) To Margaret Boyce Furey, Esquire            $10,000.00
       Counsel fees
   (c) To D.M., a minor                            $14,508.60

4. Petitioner's counsel is hereby authorized to execute all documentation necessary to purchase a savings certificate or open a savings account in the name of the minor from a federally insured bank or savings institution in the amount of $14,508.60, with the funds payable to the minor upon majority. The certificate and/or savings account shall be titled and restricted as follows:

> D.M., a minor, not to be redeemed except for renewal in its entirety, not to be withdrawn, assigned, negotiated or otherwise alienated before the minor attains majority, except for the payment of city, state and federal income taxes on the interest earned by the savings certificate and/or savings accounts, or upon prior order of court.

BY THE COURT:

S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE